FEDERAL COURT

ORIGINAL

PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY

18-8884

Jason Jarrell Spikes / Docket No. 17-17817

David Wade Correctional Center / Prisoner No. 537025

SECT. I MAG. 3

Jason Jarrell Spikes v. Lewis Murry; Matthew Caplain

TENDERED FOR FILING

The Attorney General of the State of Louisiana

SEP 21 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Petition

1. (a) Name and location of court that entered the judgment of conviction you are challenging: 22nd District Courtroom Franklinton, Louisiana

(b) Criminal docket number: 16-CRG-129868

2. (a) Date of the judgment of conviction: January 13, 2017

(b) Date of Sentencing: June 26, 2017

X Fee _____
  Process _____
X Dktd _____
  CtRmDep _____

3. Length of Sentence: 20 years

4. In this case, were convicted on more than one count or of more than one crime? No

5. Identify all crimes of which you were convicted and sentence in this case: Possession of Contraband

6. (a) What was your plea? Not guilty

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead not guilty to all charges.

P. 2

(c) If you went to trail, what kind of trail did you have? Jury

7. Did you testify at a pretrail hearing, trail, or post-trail hearing? Yes

8. Did you appeal from the judgment of conviction? Yes

9. If you did appeal answer the following
(a) Name of court: First Circuit of Appeal
(b) Docket number: 2017 KA0655
(c) Result: Habitual Offender Adjudication and Sentence Affirmed
(d) Date of Result: December 21, 2017
(e) Citation to the case: Don't Know
(f) Grounds raised (1) The sufficiency of the evidence presented by the State
                     (2) The Habitual-Offender Adjudication
                     (3) The Sentence imposed by the district-court

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications or motion concerning this judgment of conviction in any State court? Yes

11. If your answer to Question 10 "Yes" give the following information:
(a) Name of Court: 19th Judicial Court
     They didn't respond back
(b) If you filed any second petition, application, or motion give the same information
     No I didn't
(c) If you filed any third petition, application or motion? No I didn't
(d) Did you appeal to the highest state-court having jurisdiction over the action

taken on your petition, application or motion? No I didn't
(c) If you did not appeal to the highest state court having jurisdiction explain why
did not: Didn't know you had thirty days after your appeal

12. For this petition state every ground on which you claim that you are being held in
violation of the Constitution, Laws, or treaties of the United States. Attach additional
pages if you have more than four grounds. State the facts supporting each ground.
Ground One:
(a) Supporting facts (Do not argue or cite law. Just state the specific facts support
your claim?
Matthew Caplain lied in his brief said the only thing I said that it wasn't in my
possession I didn't deny about it being on the compound. I denied the knowledge
off the knife. Matthew Caplain lied on his brief and said I didn't filed a
reconsider sentence and The First Circuit denied me on the strength off that,
but I mailed the motion to Eastern District of Louisiana with the date on
the motion EXPARTE CONSENT MOTION referred to Karen Wells
Roby (sal (Entered 03/20/2018, Lewis Murry broke Const Art IV offering
me ten with the bill for a contraband charge. He could have offered me
five with five consecutive. Also, Lewis Murry broke my Const Art 5 Right
to Individually Dignity by kept calling me James Spikes, that's my father
who receive a life sentence for a none violent charge. La. Code Crim Part
821. In conducting this review, we must be expressly mindful of Louisiana's
circumstantial evidence test in, "assuming every fact to be prove that
evidence tends to prove to convict, it must exclude every reasonable hypothesis
of innocence." He being a D.A. for more than 30 years when he heard one
correction officer say this and another correctional officer say another thing,
He supposed to acquitted me on the same charge I got 20 years flat. My

XIII Amendment was broken. The apellate court will not reweigh the evidence. Absent of showing that the defendant was not granted the fundamental due process of law.

(b) If you did not exhaust your state remedies on Grand One, explain why: I did

(c) Direct Appeal of Grand One: Yes

(d) Post-conviction Proceedings

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state court? Yes

(2) If your answer to Question (d)(1) is "Yes" state: Everything I said in Javon Jarrell Spikes vs. Josh McManus State and Federal (2(c)

Type of motion or petition: Post-verdict judgment of acquittal and new trial.

Name and location of the court where the motion or petition was filed:

22nd Judicial Courtroom Franklinton, Louisiana

Docket number: 16-CR6-129868

Date of the court's decision: January 13, 2017

Result (attach a copy of the court's opinion or order if available: Denied

(3) Did you receive a hearing on your motion or petition? Yes

(4) Did you appeal from the denial on your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal? Yes

(6) If your answer to Question (d)(4) is "Yes" state: Tried to get the charge vacated

Name and location of the court where the appeal was filed:

First Circuit of Appeal Baton Rouge, LA

Docket Number: 2017 KA0655

Date of the court's decision: December 21, 2017

Result (attach a copy of the court's opinion or order if available: Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain

p.5

Why you did not raise this issue: Yes was my answer.

(c) Other Remedies: Describe any other procedures (such a habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies, etc.) that you have used to exhaust your state remedies on

Grand One: None

Grand Two
Didn't File

Grand Three
Didn't File

Grand Four:
Didn't File

13. Please answer the additional questions about the petition you are filing:

(a) Have all grands for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes

If your answer is "No" state which grounds have not been so presented and give your reasons for not presenting them: I sent it to the highest court.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenging in this petition? "Yes"

If "Yes" state the name and location of the court, the docket number, the type of proceeding, the issue raised, the date of the court's decision, and the result for each petition, application or motion filed. Attach a copy of any court opinion or or order, it available:

P.6

All Cases: Eastern District Of Louisiana

Jason Jarrell Spikes vs. Lewis Mung, Matthew Caplain No. 17A-817 # Prisoner suit, all issues his petition federal 12(c): the date of the courts decision: don't know, and the result for each petition, application or motion filed: don't know

Jason Jarrell Spikes vs. William J Knight No. 17-17639, prisoner suit all issues in his petition 12(c): the date of the courts decision: March 26, 2018 and the result for each petition, application, or motion filed: Dismiss with Prejudice.

Jason Jarrell Spikes vs. Louisiana No. 18-3759; 1983 prisoner suit, all issues in petition State 12(c), the date of the courts decision: don't know, and the result for each petition, application or motion filed: don't know;

Jason Jarrell Spikes vs. Josh Mc Morris; ET AL No. 1762: 1983 prisoner suit, the issue in his petition State 12(c), the date of the courts decision: April 23, 2018 and the result for each petition, application, or motion filed: Dismiss with Prejudice.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes
If "Yes" state the name and location of the court, the docket or case number, the type of proceeding, and the raised:
Eastern District of Louisiana: Jason Jarrell Spikes vs. Louisiana, No. 18-3759; 1983 prisoner suit, In 12(c) Jason Jarrell Spikes vs. Josh Mc Morris, ET AL State and Federal Petition

16. Give the name and address, if known, of each attorney who presented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: David Knight 22nd Public Defenders Office Franklinton, LA.
(b) At arraignment and plea: David Knight 22nd Public Defenders Office Franklinton LA.
(c) At trail: David Knight 22nd Public Defenders Office Franklinton, LA.

P. 7

(d) At sentencing: David Knight 22nd Public Defenders Office Franklinton, LA.
(e) On appeal: Prentice L. White P.O Box 74385 Baton Rouge, LA. 70874
(f) In any post-conviction proceedings: David Knight 22nd Public Defenders Office Franklinton, LA.

(g) On appeal from any ruling against you in a post-conviction proceedings: Prentice L. White P.O. Box 74385 Baton Rouge, LA. 70874

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one year statue petition* No, December 21, 2017

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeaus corpus by a person shall run from the latest December 21, 2017 to December 21, 2018

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking review; December 21, 2017

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or Laws of the United States is remove if the applicant was prevented from filing by such state claim; Judge Knight won't give me my Motions to Produce Documents

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and remade retroactively applicable to cases on

P. 8

collateral review, or I didn't file to them.

(D) the date on which the factual predicate of the claims presented could have been discovered through the excersise of due diligence. January 13, 2017 when I was getting sentence La. Code Crim P. art 821. In conducting this review, we must be expressly mindful of Louisiana's circumstantial evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertiment judgment or claim pending shall not be counted toward any period of limination under subsection.

Therefore, petitioner ask the Court grant the following relief:
Vacate My Sentence

or any other relief to which petitioner may be entittled
Civil liabilities, Criminal liabilities and Administrative liability

Jason Spikes

I declare (or certify, justify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeau Corpus was placed in the prison mailing system September 3, 2018

Executed (signed) on August 29, 2018

Jason Spikes



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Judgment and Disposition**

December 21, 2017

Docket Number: 2017 - KA - 0655

State of Louisiana
versus
Jason Spikes

TO:  Matthew Caplan
701 N. Columbia Street
Covington, LA 70433
mcaplan@22da.com

Frederick Kroenke Esq.
Louisiana Appellate Project
707 Rapides Street
Baton Rouge, LA 70806

Warren LeDoux Montgomery
701 N. Columbia Street
Covington, LA 70433
wmontgomery@22da.com

Prentice Lang White Esq.
P.O. Box 74385
Baton Rouge, LA 70874
plwhitelawfirm@bellsouth.net

Hon. William J. Knight
701 N. Columbia Street
Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

THERIOT, J.

The defendant, Jason Jarrell Spikes, was charged by bill of information with public intimidation, in violation of Louisiana Revised Statutes 14:122, and two counts of possession or introduction of contraband in a state correctional institution, violations of Louisiana Revised Statutes 14:402. The defendant filed a motion to quash and/or sever the bill of information, which the district court granted. The parties then proceeded to trial on the two counts of contraband possession, which were thereafter referred to as counts one and two.[1] The defendant entered a plea of not guilty and, following a jury trial, was found guilty as charged on count one and not guilty on count two.

The defendant filed motions for postverdict judgment of acquittal and new trial, both of which were denied. He was then sentenced to five years at hard labor. The defendant filed a motion to reconsider sentence, which was denied. The State filed a habitual offender bill of information and, after a hearing, the defendant was adjudicated a fourth-felony habitual offender.[2] The district court vacated the original sentence and sentenced the defendant to twenty-year imprisonment at hard labor without the benefit of probation or suspension of sentence. Defense counsel objected to the sentence.

The defendant now appeals, challenging (1) the sufficiency of the evidence presented by the State, (2) the habitual offender adjudication, and (3) the sentence imposed by the district court. For the following reasons, we

---

[1] The date of offense for count one was February 27, 2016. The date of offense for count two was March 3, 2016.

[2] The defendant's predicate offenses were the following: (1) an April 16, 2008 conviction for possession of cocaine under Twenty-Second Judicial District Court ("22nd JDC") docket number 05-CR6-092266, and (2) an April 14, 2009 conviction for two counts of distribution of cocaine under 22nd JDC docket number 08-CR1-99746. Although the State's habitual offender bill of information lists the conviction date as April 13, 2009, for docket number 08-CR1-99746, the minute entry and commitment order in connection with that docket number list the conviction date as April 14, 2009.

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The constitutional standard for testing the sufficiency of the evidence, as enunciated in **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. La. Code Crim. P. art. 821. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, i.e., "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; **State v. Wright**, 98-0601 (La. App. 1 Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157 & 2000-0895 (La. 11/17/00), 773 So.2d 732. When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. **State v. Captville**, 448 So.2d 676, 680 (La. 1984); **State v. Taylor**, 97-2261 (La. App. 1 Cir. 9/25/98), 721 So.2d 929, 932.

Pursuant to Louisiana Revised Statutes 14:402(A), "No person shall introduce contraband into or upon the grounds of any state correctional institution." "Contraband" means "[a] dangerous weapon, or other instrumentality customarily used or intended for probable use as a dangerous weapon or to aid in an escape[.]" La. R.S. 14:402(D)(2). The defendant does not dispute that a homemade knife was found, but rather, contends that it was not in his possession. According to the defendant, inmates routinely move their belongings to different areas of the cell block, and he did not

4

have any belongings in the area where the homemade knife was found.

Washington Parish Sheriff's Officer Joshua McMorris testified that the defendant was found "staggering" toward the bunk bed where the homemade knife was found. According to Officer McMorris, he knew that the homemade knife belonged to the defendant because (1) it was found in the bunk where the defendant was passed out, (2) the bunk was listed as belonging to the defendant in the prison's record, and (3) a piece of mail addressed to the defendant was in the bunk.

The defendant testified that on the date the knife was found, he was sleeping on the floor on a mattress. He stated that he was on the bunk where the knife was found because he could not see the television from the mattress where he sleeps. He denied being assigned to a bunk and denied knowledge of the knife. The defendant also denied having any mail on or underneath the bunk.

The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. **State v. Richardson,** 459 So.2d 31, 38 (La. App. 1st Cir. 1984). The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a fact finder's determination of guilt. **Taylor,** 721 So.2d at 932. Absent a showing that the defendant was not granted the fundamental due process of law, it is not appropriate for this court to impinge on the fact finder's discretion and reject that credibility determination. See **State v. Johnson,** 2003-1228 (La. 4/14/04), 870 So.2d 995, 1000.

Based on our review of the record, we find that the district court did not err or abuse its discretion in imposing the defendant's sentence in accordance with the mandatory minimum penalty provided for in Louisiana Revised Statutes 15:529.1(A)(4)(a). The defendant failed to present any arguments that clearly and convincingly showed that he is exceptional and a victim of the legislature's failure to assign a sentence that was meaningfully tailored to his culpability, to the gravity of the offense, and to the circumstances of the case. Thus, the district court had no reason to deviate downward from the mandatory minimum term of twenty years. We also note that a remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. See **State v. Harper**, 2007-0299 (La. App. 1 Cir. 9/5/07), 970 So.2d 592, 602, writ denied, 2007-1921 (La. 2/15/08), 976 So.2d 173. Accordingly, this assignment of error is without merit.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing brief to the

appellant(s), through counsel listed below, as follows:

Party:                 Appellant, Jason Spikes
                       Prentice L.White, Esq.
                       Louisiana Appellate Project
                       P.O. Box 74385
                       Baton Rouge, LA 70874

Method of Service:     email, plwhitelawfirm@bellsouth.net

Date of Service:       _____ September 14, 2017 _____

                                    *Matthew Caplan*
                              Matthew Caplan, LSBA #31650
                              Assistant District Attorney

## LAW AND ARGUMENT

1. **The defendant's first assignment of error (sufficiency of the evidence; R.S. 14:402) is without merit.**

The defendant claims that the trial court erred when "it accepted the jury's verdict." *Appellant's Brief*, pg. 6.[1] He argues the conviction is based upon insufficient evidence because "the State failed to adequately establish that the contraband was among Spikes' belongings and not that of the other 33 inmates that were housed in the same section of the prison." *Id.*, pp. 9, 11-13.

### A. Preservation of error for review; standard of review.

The question whether the evidence is sufficient is preserved for review because the defendant moved for post-judgment verdict of acquittal which the trial court denied. See R. at 34-35 (motion); R. at 9 (minute entry reflecting ruling).

The standard of review for sufficiency of the evidence claims is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). See generally State v. Mussall, 523 So.2d 1305, 1308-1311 (La. 1988).

### B. Overview of the applicable law.

The statute of conviction provides: "It shall be unlawful to possess . . . upon the premises of any . . . parish prison or jail . . . any instrumentality customarily used as a dangerous weapon." R.S. 14:402(E)(6).

The elements of the offense are therefore: (1) the possession (2) on the premises of a parish prison or jail (3) of any instrumentality customarily used as a dangerous weapon.

---

[1]   As a technical matter, the defendant did not contemporaneously object to the the trial court's receipt and recordation of the verdict. See La. C.Cr. P. art. 811 & R. at 455-457. However, the ruling actually being appealed is the denial of the motion for post-verdict judgment of acquittal.

at *2-3 (proof of identity established, in part, because "defendant's name, date of birth, race, sex, and address match those of the person previously convicted of armed robbery"). When combined with the defendant's testimony that he was incarcerated at the time of the instant offense for "two counts of distribution and the simple possession," and the court records reflecting convictions of two counts of distribution and simple possession, this Court should conclude that the trial court did not abuse its discretion or act irrationally in finding the defendant to be a fourth felony offender.

This assignment of error is without merit.

### 3. The defendant's third assignment of error (excessive sentence) is without merit.

The defendant claims that his sentence is excessive because "his predicate convictions were non-violent and unrelated to any sex offenses." *Appellant's Brief*, pg. 7; see also id. at pg. 11.

#### A. This assignment of error is not preserved for review.

The defendant was initially sentenced to five years at hard labor on January 13, 2017. R. at 46-47. He filed a motion to reconsider sentence, which was denied. See R. at 48-49, 461-462. After being adjudicated a habitual offender, the defendant was re-sentenced to twenty years at hard labor. R. at 506. The defendant then said: "Judge, we would just object to the sentence for the record." R. at 507. The defendant did not thereafter file a motion to reconsider sentence.

The objection made contemporaneously with the imposition of sentence did not include a specific ground for reconsideration of the sentence. Under this Court's jurisprudence, "a general objection to a sentence preserves nothing for appellate review." State v. Bickham, 98-1839 (La. App. 1 Cir. 6/25/99), 739 So.2d 887, 891. See id. at 891 ("we would respectfully object to the court's ruling" not good enough, reasoning: "defendant's failure to urge a claim of excessiveness or

any other specific ground for reconsideration of the sentence by oral or written motion at the trial court level precludes our review of his claim of sentence excessiveness").

Likewise, the fact that the defendant filed a motion to reconsider the *original* sentence isn't enough: a new motion to reconsider sentence must be made following the imposition of the new sentence. State v. Smith, 03-1153 (La. App. 1 Cir. 4/07/04), 879 So.2d 179.

This assignment of error is not preserved for review.

**B.**   **If preserved for review, this assignment of error is without merit.**

The defendant was sentenced as a habitual offender to a mandatory twenty-year sentence under La. R.S. 15:529.1.

This sentence is presumed to be constitutional:

> To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.

State v. Scott, 05-0325 (La. App. 1 Cir. 11/04/05), 927 So.2d 441, 446-447.

The defendant argues that he is exceptional because "each of the predicate conviction were non-violent and not sex-related." *Appellant's Brief*, pg. 11. This is as a matter of law insufficient to warrant a downward departure: "A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JASON JARREL SPIKES                              CIVIL ACTION

VERSUS                                           NO. 17-17642

JOSH McMORRIS, ET AL.                            SECTION: "H"(3)


### J U D G M E N T

The Court having approved the Report and Recommendation of the United States

Magistrate Judge and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that plaintiff's federal civil rights

claims are **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which

relief may be granted, and/or for seeking monetary relief against a defendant immune from such

relief.

New Orleans, Louisiana, this 23rd day of April, 2018.


_____
UNITED STATES DISTRICT JUDGE

6 copy

of-judicial immunity; rather, he contends Judge Knight was "practicing malfeasance in office by obstructing justice by being an officer and withholding records," and asks the Court to provide him with the transcript from his trial.[7]

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and adopts it as its opinion in this matter.[8]

Accordingly;

IT IS ORDERED that Plaintiff Jason Jarrel Spikes' complaint against Defendant William Knight be and hereby is DISMISSED WITH PREJUDICE.[9]

New Orleans, Louisiana, this 26th day of March 2018.

Susie Morgan

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 10.
[8] R. Doc. 9.
[9] R. Doc. 6.

John Spire
VS.

DOCKET NO: 16-CR6-129868

DIVISION: N/A

CLERK OF COURT/COURT REPORTER
IN AND FOR
Washington PARISH, LOUISIANA

22 JUDICIAL DISTRICT

PARISH OF Washington

## ORDER

CONSIDERING THE FOREGOING:

**IT IS HEREBY ORDERED** that the Court Reporter and/or Clerk of Court, respectively, transcribe and/or produce the below listed items, without cost, within ___ days of the signing of this order:

A. Guilty Plea/Boykin Transcript.................................................( )
B. Guilty Plea Waiver Form....................................................( )
C. Sentencing Transcript (If not sentenced at plea hearing)...................( )
D. Bill of Information/Indictment.............................................( )
E. Commitment Form...........................................................( )
F. Court Minutes of All Proceedings Held.....................................( )
G. Copy of all motions filed by either defense or prosecution and any answer(s) thereto (specifically, but not limited to, discovery motion[s])......................( )
H. Police Report (If not included in item G)..................................( )
I. Search Warrant (If not included in item G)................................( )
J. Arrest Warrant (If not included in item G)................................( )
K. Affidavit of Probable Cause (If not included in item G)..................( )
L. Coroner's Examination/ Autopsy Report (If not included in item G).....( )
M. Ballistics Report (If not included in item G)............................( )
N. Chemical Analysis Report (If not included in item G)....................( )
O. Trial Transcript in its entirety (if case proceeded to trial).................( )
P. Suppression Hearing Transcript (if held)..................................( )

And provide them to Defendant at the following address:

Concordia Parish Correctional Facility #1
26356 Hwy 15
Ferriday, LA. 71334

THIS SAID AND DONE ON THIS _____5th_____ DAY OF _____, 20_18_

_____
JUDGE

A True Copy of Original
This _1-11-18_,
T Speies
Dy Clerk of Court

FEDERAL COURT ORIGINAL

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY

Jason Jarrell Spikes / Docket No. 17-17638
David Wade Correctional Center / Prisoner No. 537025
Jason Jarrell Spikes v. William J. Knight
The Attorney General of the State of Louisiana

TENDERED FOR FILING

SEP 21 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Petition

1. (a) Name and location of court that entered the judgment of conviction you are challenging: 22ⁿᵈ District Courtroom Franklinton, Louisiana

2. (a) Date of the judgment of conviction: January 13, 2017

3. Length of Sentence: 20 years

4. In this case, were convicted on more than one count or of more than one crime? No

5. Identify all crimes of which you were convicted and sentence in this case:
Possession of Contraband

6. (a) What was your plea? Not guilty
(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty? I plead not guilty to all charges
(c) If you went to trail, what kind of trail did you have? Jury

7. Did you testify at a pretrail hearing, trail, or post-trail hearing? Yes

P.12

8. Did you appeal from the judgment of conviction? Yes

9. If you did appeal answer the following
(a) Name of court: First Circuit of Appeal
(b) Docket number: 2017 KA0655
(c) Result: Habitual Offender Adjudication and Sentence Affirmed
(d) Date of Result: December 21, 2017
(e) Citation to the case: Don't know
(f) Grounds raised (1) The sufficiency of the evidence presented by the State
(2) The Habitual-Offender Adjudication
(3) The Sentence imposed by the district court

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motion concerning this judgment of conviction in any state court? Yes

11. If your answer to Question 10 "Yes" give the following information:
(a) Name of Court: 19th Judicial Court
    They didn't respond back
(b) If you filed any second petition, application, or motion give the same information
    No I didn't
(c) If you filed any third petition, application, or motion? No I didn't
(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application or motion? No I didn't
(e) If you did not appeal to the highest state court having jurisdiction explain why did not. Didn't know you had thirty days after your appeal.

12. For this petition, state every ground on which you claim that you are being held

P.3

in violation of the Constitution, Laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

Ground One:

(a) Supporting facts (Do not argue or cite law. Just state specific facts support your claim). Judge William J. Knight said his sentence going to be 15-years for a 14:40.1 charge that don't carry nothing but 0 to 5 at the time. La. Code Crim P art 821. In conducting this review, we must be expressly mindful of Louisiana circumstantial evidence test, i.e., "assuming every fact to be proved that evidence tends to prove to convict, it must exclude every reasonable hypothesis of innocence." Judge Knight been judge for more than 30-years he should have never denied my post-conviction for acquittal. My XIV Amendment was broken. The appellate court will not reweigh the evidence. Absent of showing that the defendant was not granted the fundamental due process of law.

(b) If you did not exhaust your state remedies on Ground One, explain why: I did

(c) Direct Appeal of Ground One: Yes

(d) Post-conviction Proceedings

(1) Did you raise this issue through a post-conviction motion or petition for habeas-corpus in a state court? Yes

(2) If your answer to Question (d)(1) is "Yes" State: Everything I said in Jason Jarrell Spikes vs. Josh M= Morris State and Federal D 2 (a)

Type of motion or petition: Post-verdict judgment of acquittal and new trial.

Name and location of the court where the motion or petition was filed:

22nd Judicial Courtroom Frentlenton, Louisiana

Docket number: 16-CR6-129868

Date of the court's decision: January 13, 2017

Result (attach a copy of the court's opinion or order if available: Denied

(3) Did you receive a hearing on your motion or petition? Yes

(4) Did you appeal from the denial or your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal? Yes

(6) If your answer to Question (d)(4) is "Yes" state; Tried to get the charge vacated

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: Yes was my answer.

(c) Other Remedies: Describe any other procedures (such a habeas corpis administrative remedies,etc.) that you have used to exhaust your state remedies.

Ground One: None

Ground Two:
Didn't File

Ground Three:
Didn't File

Ground Four:
Didn't File

13. Please answer the additional questions about the petition you are filing.
(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes
If your answer is "No" state which grounds have not been presented and give your reasons for not presenting them: I sent it to the highest court.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenging in this petition? "Yes"

If "Yes" state the name and location of the court, the docket number, the type of proceeding, the issue raised, the date of the court's decision, and the result for each petition, application or motion filed. Attach a copy of any court opinion or order, if available:

All Cases: Eastern District Of Louisiana

Jason Jarrell Spikes vs. Lewis Murry, Matthew Caplan No. 17-817 ? Prisoner suit, all issues his petition Federal 12(a); the date of the court's decision: don't know, and the result for each petition, application or motion filed: don't know. Jason Jarrell Spikes vs. William J. Knight No. 17-17638; prisoner suit all issues in his petition 12(a) the date of the court's decisions March 26, 2018 and the result for each petition, application or motion filed: don't know.

Jason Jarrell Spikes vs. Josh Mc Manis; ET AL No. 17642; 1983 prisoner suit; the issue in his petition State 12(a); the date of the court's decision: April 23, 2018 and the result for each petition, application, or motion filed: Dismiss with Prejudice.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court either state or federal, for the judgment you are challenging? Yes
If "Yes" state the name and location of the court, the docket or case number, the type of proceeding, and the raised:
Eastern District of Louisiana: Jason Jarrell Spikes vs Louisiana No. 18-3759, 1983 prisoner suit, In 12(a) Jason Jarrell Spikes vs. Josh Mc Manis, ET AL State and Federal Petition,

16. Give the name and address, if know, of each attorney who presented you in the following steps of judgment you are challenging:
(a) At preliminary hearing: David Knight 22nd Public Defenders Office Franklinton, LA.
(b) At arraignment and plea: David Knight 22nd Public Defenders Office Franklinton, LA.

P. 6

(c) At trial: David Knight 22nd Public Defenders Office Franklinton, LA.

(d) At sentencing: David Knight 22nd Public Defender Office Franklinton, LA.

(e) On appeal: Prentice L. White P.O. Box 74385 Baton Rouge, LA 70874

(f) In any post-conviction proceedings: David Knight 22nd Public Defenders Office Franklinton, LA.

(g) On appeal from any ruling against you in a post conviction proceedings: Prentice L. White P.O. Box 74385 Baton Rouge LA, 70874

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one year statue petition? No, December 21, 2017.

The Antiterrism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. 2244 (d) provides in part that.

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person shall run from the lastest December 21, 2017 to December 21, 2018

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review; December 21, 2017

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or Laws of the United States is removed; if the applicant was prevented from filing by such state claim; Judge Knight denied motion of document

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or I didn't file to them.

(D) the date on which the factual predicate of the claims presented could have been discovered through the excessive of due diligence, January 13, 2017 when I was getting sentence La. Code Crim Part 82l. In conducting this review, we must be expressly mindful of Louisiana's circumstantial evidence tends to prove, in order to convict, it must exclude reasonable hypothesis of innocence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner ask that the Court grant the following relief:
Vacate My Sentence

or any other relief to which petitioner may be entitled
Civil liabilities, Criminal liabilities and Administrative liability

*Jason Spikes*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that Petition for Writ of Habeas Corpus was placed in the prison mailing system September 3, 2018

Executed (signed) on August 29, 2018

*Jason Spikes*



Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Judgment and Disposition**

December 21, 2017

Docket Number:  2017 - KA - 0655

State of Louisiana
    versus
Jason Spikes

TO:   Matthew  Caplan
      701 N. Columbia Street
      Covington, LA 70433
      mcaplan@22da.com

      Frederick  Kroenke  Esq.
      Louisiana Appellate Project
      707 Rapides Street
      Baton Rouge, LA 70806

      Warren LeDoux Montgomery
      701 N. Columbia Street
      Covington, LA 70433
      wmontgomery@22da.com

      Prentice Lang White  Esq.
      P.O. Box 74385
      Baton Rouge, LA 70874
      plwhitelawfirm@bellsouth.net

      Hon. William  J. Knight
      701 N. Columbia Street
      Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

**THERIOT, J.**

The defendant, Jason Jarrell Spikes, was charged by bill of information with public intimidation, in violation of Louisiana Revised Statutes 14:122, and two counts of possession or introduction of contraband in a state correctional institution, violations of Louisiana Revised Statutes 14:402. The defendant filed a motion to quash and/or sever the bill of information, which the district court granted. The parties then proceeded to trial on the two counts of contraband possession, which were thereafter referred to as counts one and two.[1] The defendant entered a plea of not guilty and, following a jury trial, was found guilty as charged on count one and not guilty on count two.

The defendant filed motions for postverdict judgment of acquittal and new trial, both of which were denied. He was then sentenced to five years at hard labor. The defendant filed a motion to reconsider sentence, which was denied. The State filed a habitual offender bill of information and, after a hearing, the defendant was adjudicated a fourth-felony habitual offender.[2] The district court vacated the original sentence and sentenced the defendant to twenty-year imprisonment at hard labor without the benefit of probation or suspension of sentence. Defense counsel objected to the sentence.

The defendant now appeals, challenging (1) the sufficiency of the evidence presented by the State, (2) the habitual offender adjudication, and (3) the sentence imposed by the district court. For the following reasons, we

---

[1] The date of offense for count one was February 27, 2016. The date of offense for count two was March 3, 2016.

[2] The defendant's predicate offenses were the following: (1) an April 16, 2008 conviction for possession of cocaine under Twenty-Second Judicial District Court ("22nd JDC") docket number 05-CR6-092266, and (2) an April 14, 2009 conviction for two counts of distribution of cocaine under 22nd JDC docket number 08-CR1-99746. Although the State's habitual offender bill of information lists the conviction date as April 13, 2009, for docket number 08-CR1-99746, the minute entry and commitment order in connection with that docket number list the conviction date as April 14, 2009.

A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const. amend. XIV; La. Const. art. I, § 2.  The constitutional standard for testing the sufficiency of the evidence, as enunciated in **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. La. Code Crim. P. art. 821. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, i.e., "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; **State v. Wright**, 98-0601 (La. App. 1 Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157 & 2000-0895 (La. 11/17/00), 773 So.2d 732. When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. **State v. Captville**, 448 So.2d 676, 680 (La. 1984); **State v. Taylor**, 97-2261 (La. App. 1 Cir. 9/25/98), 721 So.2d 929, 932.

Pursuant to Louisiana Revised Statutes 14:402(A), "No person shall introduce contraband into or upon the grounds of any state correctional institution."   "Contraband" means "[a] dangerous weapon, or other instrumentality customarily used or intended for probable use as a dangerous weapon or to aid in an escape[.]" La. R.S. 14:402(D)(2).  The defendant does not dispute that a homemade knife was found, but rather, contends that it was not in his possession. According to the defendant, inmates routinely move their belongings to different areas of the cell block, and he did not

4

have any belongings in the area where the homemade knife was found.

Washington Parish Sheriff's Officer Joshua McMorris testified that the defendant was found "staggering" toward the bunk bed where the homemade knife was found. According to Officer McMorris, he knew that the homemade knife belonged to the defendant because (1) it was found in the bunk where the defendant was passed out, (2) the bunk was listed as belonging to the defendant in the prison's record, and (3) a piece of mail addressed to the defendant was in the bunk.

The defendant testified that on the date the knife was found, he was sleeping on the floor on a mattress. He stated that he was on the bunk where the knife was found because he could not see the television from the mattress where he sleeps. He denied being assigned to a bunk and denied knowledge of the knife. The defendant also denied having any mail on or underneath the bunk.

The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. **State v. Richardson,** 459 So.2d 31, 38 (La. App. 1st Cir. 1984). The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a fact finder's determination of guilt. **Taylor,** 721 So.2d at 932. Absent a showing that the defendant was not granted the fundamental due process of law, it is not appropriate for this court to impinge on the fact finder's discretion and reject that credibility determination. See **State v. Johnson,** 2003-1228 (La. 4/14/04), 870 So.2d 995, 1000.

Based on our review of the record, we find that the district court did not err or abuse its discretion in imposing the defendant's sentence in accordance with the mandatory minimum penalty provided for in Louisiana Revised Statutes 15:529.1(A)(4)(a). The defendant failed to present any arguments that clearly and convincingly showed that he is exceptional and a victim of the legislature's failure to assign a sentence that was meaningfully tailored to his culpability, to the gravity of the offense, and to the circumstances of the case. Thus, the district court had no reason to deviate downward from the mandatory minimum term of twenty years. We also note that a remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. See State v. Harper, 2007-0299 (La. App. 1 Cir. 9/5/07), 970 So.2d 592, 602, writ denied, 2007-1921 (La. 2/15/08), 976 So.2d 173. Accordingly, this assignment of error is without merit.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing brief to the

appellant(s), through counsel listed below, as follows:

Party:                        Appellant, Jason Spikes
                              Prentice L.White, Esq.
                              Louisiana Appellate Project
                              P.O. Box 74385
                              Baton Rouge, LA 70874

Method of Service:           email, plwhitelawfirm@bellsouth.net

Date of Service:             _____September 14, 2017_____


                                    *Matthew Caplan*
                              Matthew Caplan, LSBA #31650
                              Assistant District Attorney

17

## LAW AND ARGUMENT

**1.    The defendant's first assignment of error (sufficiency of the evidence; R.S. 14:402) is without merit.**

The defendant claims that the trial court erred when "it accepted the jury's verdict." *Appellant's Brief*, pg. 6.[1] He argues the conviction is based upon insufficient evidence because "the State failed to adequately establish that the contraband was among Spikes' belongings and not that of the other 33 inmates that were housed in the same section of the prison." *Id.*, pp. 9, 11-13.

### A.    Preservation of error for review; standard of review.

The question whether the evidence is sufficient is preserved for review because the defendant moved for post-judgment verdict of acquittal which the trial court denied. See R. at 34-35 (motion); R. at 9 (minute entry reflecting ruling).

The standard of review for sufficiency of the evidence claims is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). See generally State v. Mussall, 523 So.2d 1305, 1308-1311 (La. 1988).

### B.    Overview of the applicable law.

The statute of conviction provides: "It shall be unlawful to possess . . . upon the premises of any . . . parish prison or jail . . . any instrumentality customarily used as a dangerous weapon." R.S. 14:402(E)(6).

The elements of the offense are therefore: (1) the possession (2) on the premises of a parish prison or jail (3) of any instrumentality customarily used as a dangerous weapon.

---

[1]   As a technical matter, the defendant did not contemporaneously object to the the trial court's receipt and recordation of the verdict. See La. C.Cr. P. art. 811 & R. at 455-457. However, the ruling actually being appealed is the denial of the motion for post-verdict judgment of acquittal.

at *2-3 (proof of identity established, in part, because "defendant's name, date of birth, race, sex, and address match those of the person previously convicted of armed robbery"). When combined with the defendant's testimony that he was incarcerated at the time of the instant offense for "two counts of distribution and the simple possession," and the court records reflecting convictions of two counts of distribution and simple possession, this Court should conclude that the trial court did not abuse its discretion or act irrationally in finding the defendant to be a fourth felony offender.

This assignment of error is without merit.

### 3. The defendant's third assignment of error (excessive sentence) is without merit.

The defendant claims that his sentence is excessive because "his predicate convictions were non-violent and unrelated to any sex offenses." *Appellant's Brief*, pg. 7; see also id. at pg. 11.

#### A. This assignment of error is not preserved for review.

The defendant was initially sentenced to five years at hard labor on January 13, 2017. R. at 46-47. He filed a motion to reconsider sentence, which was denied. See R. at 48-49, 461-462. After being adjudicated a habitual offender, the defendant was re-sentenced to twenty years at hard labor. R. at 506. The defendant then said: "Judge, we would just object to the sentence for the record." R. at 507. The defendant did not thereafter file a motion to reconsider sentence.

The objection made contemporaneously with the imposition of sentence did not include a specific ground for reconsideration of the sentence. Under this Court's jurisprudence, "a general objection to a sentence preserves nothing for appellate review." State v. Bickham, 98-1839 (La. App. 1 Cir. 6/25/99), 739 So.2d 887, 891. See id. at 891 ("we would respectfully object to the court's ruling" not good enough, reasoning: "defendant's failure to urge a claim of excessiveness or

14

any other specific ground for reconsideration of the sentence by oral or written motion at the trial court level precludes our review of his claim of sentence excessiveness").

Likewise, the fact that the defendant filed a motion to reconsider the *original* sentence isn't enough: a new motion to reconsider sentence must be made following the imposition of the new sentence. State v. Smith, 03-1153 (La. App. 1 Cir. 4/07/04), 879 So.2d 179.

This assignment of error is not preserved for review.

### B. If preserved for review, this assignment of error is without merit.

The defendant was sentenced as a habitual offender to a mandatory twenty-year sentence under La. R.S. 15:529.1.

This sentence is presumed to be constitutional:

> To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.

State v. Scott, 05-0325 (La. App. 1 Cir. 11/04/05), 927 So.2d 441, 446-447.

The defendant argues that he is exceptional because "each of the predicate conviction were non-violent and not sex-related." *Appellant's Brief*, pg. 11. This is as a matter of law insufficient to warrant a downward departure: "A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JASON JARREL SPIKES                          CIVIL ACTION

VERSUS                                       NO. 17-17642

JOSH McMORRIS, ET AL.                        SECTION: "H"(3)


### J U D G M E N T

The Court having approved the Report and Recommendation of the United States Magistrate Judge and having adopted it as its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that plaintiff's federal civil rights claims are **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant immune from such relief.

New Orleans, Louisiana, this 23rd day of April, 2018.


UNITED STATES DISTRICT JUDGE

6 copis

of judicial immunity; rather, he contends Judge Knight was "practicing malfeasance in office by obstructing justice by being an officer and withholding records," and asks the Court to provide him with the transcript from his trial.[7]

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and adopts it as its opinion in this matter.[8]

Accordingly;

IT IS ORDERED that Plaintiff Jason Jarrel Spikes' complaint against Defendant William Knight be and hereby is DISMISSED WITH PREJUDICE.[9]

New Orleans, Louisiana, this 26th day of March 2018.

Susie Morgan

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 10.
[8] R. Doc. 9.
[9] R. Doc. 6.

_Jason Spiker_
VS.

**CLERK OF COURT/COURT REPORTER
IN AND FOR**
_Washington_ PARISH, LOUISIANA

DOCKET NO: K-CR6-129868

DIVISION: N/A

22 JUDICIAL DISTRICT

PARISH OF _Washington_

ORDER

**CONSIDERING THE FOREGOING:**

**IT IS HEREBY ORDERED** that the Court Reporter and/or Clerk of Court, respectively, transcribe and/or produce the below listed items, without cost, within ___ days of the signing of this order:

A. Guilty Plea/Boykin Transcript...................................................... ( )
B. Guilty Plea Waiver Form........................................................... ( )
C. Sentencing Transcript (If not sentenced at plea hearing).................. ( )
D. Bill of Information/Indictment..................................................... ( )
E. Commitment Form.................................................................... ( )
F. Court Minutes of All Proceedings Held.......................................... ( )
G. Copy of all motions filed by either defense or prosecution and any answer(s) thereto (specifically, but not limited to, discovery motion[s])....................... ( )
H. Police Report (If not included in item G)....................................... ( )
I. Search Warrant (If not included in item G)...................................... ( )
J. Arrest Warrant (If not included in item G)....................................... ( )
K. Affidavit of Probable Cause (If not included in item G)...................... ( )
L. Coroner's Examination/ Autopsy Report (If not included in item G)..... ( )
M. Ballistics Report (If not included in item G).................................... ( )
N. Chemical Analysis Report (If not included in item G)......................... ( )
O. Trial Transcript in its entirety (if case proceeded to trial).................. ( )
P. Suppression Hearing Transcript (if held)........................................ ( )

And provide them to Defendant at the following address:

Concordia Parish Correctional Facility #1
26356 Hwy 15
Ferriday, LA. 71334

THIS SAID AND DONE ON THIS ___5th___ DAY OF ___J___, 20_18_

_____
JUDGE

A True Copy of Original
This _1-11-18_,
_T Speals_
_____
Dy Clerk of Court