## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JARRELL SPIKES** | **CIVIL ACTION** |
| | **NO.    18-08884** |
| | *consolidated with* |
| **VERSUS** | |
| | **NOS.    18-09422** |
| | **18-10470** |
| | **18-13668** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "I"(3)** |

## O R D E R

The Court, having considered the petitions, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections thereto by petitioner, Jason Jarrell Spikes, which are hereby **OVERRULED** for the following reasons, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Petitioner has filed two sets of objections, Rec. Docs. 52 and 53, both of which are largely incomprehensible. To the extent that the objections relate to the claims addressed in the Report and Recommendation, they primarily quote large passages from that Report and Recommendation and then simply reurge the same arguments already addressed and correctly rejected in detail therein.

However, the Court additionally notes that petitioner peppers his objections with legal jargon unrelated to the claims he asserted in these proceedings. To the extent that he intends those references as additional claims, they are not properly before the Court. Because petitioner's

original claims were not concisely stated in his rambling petitions, he was required to supplement his filings with a pleading clearly identifying each claim he was asserting. He filed such a supplement, listing only seven claims. See Rec. Doc. 51, p. 8. He has not requested, much less been granted, leave to assert any additional claims.

Nevertheless, even if the Court were to construe the references as additional claims and allowed him to assert them herein, they would not warrant relief. As an initial matter, as correctly explained in the Report and Recommendation, petitioner has never "fairly presented" *any* claims to the Louisiana Supreme Court, and, therefore, any new claims, whatever they may be, would necessarily be unexhausted. See Rec. Doc. 51, pp. 2-4. "[A]bsent the applicability of an exception to the exhaustion requirement, a federal court lacks the authority to grant habeas relief on an unexhausted claim." Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999). Moreover, in any event, petitioner's cursory references, to the extent that they can be deciphered, fail to state meritorious claims.

For example, petitioner references the concept of "selective prosecution." See, e.g., Rec. Doc. 52, p. 1. However, to prevail on a selective prosecution claim, an individual must make two showings:

> First, he must make a *prima facie* showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted. Second, having made the first showing, he must then demonstrate that the government's selective prosecution of him has been constitutionally invidious.

United States v. Jennings, 724 F.2d 436, 445 (5th Cir. 1984) (citations omitted); accord United States v. Weber, 162 F.3d 308, 333-34 (5th Cir. 1998). Here, petitioner has not made even the first required showing.

2

Petitioner also makes numerous references to the "Brady Rule" throughout his objections. See, e.g., Rec. Doc. 52, p. 2; Rec. Doc. 53, p. 6. With respect to a claim that the state withheld evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, the United States Supreme Court has held:

> A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused. This Court has held that the Brady duty extends to impeachment evidence as well as exculpatory evidence, and Brady suppression occurs when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor.

Youngblood v. West Virginia, 547 U.S. 867, 869-70 (2006) (internal citations and quotation marks omitted). Therefore, to prevail on a Brady claim, a petitioner "must show that (1) the state withheld evidence, (2) the evidence was favorable to the accused, and (3) the evidence is material to guilt or punishment." DiLosa v. Cain, 279 F.3d 259, 262-63 (5th Cir. 2002). Here, any Brady claim falters at the very first prong of the analysis, because petitioner has never presented any evidence to corroborate his bald allegations that evidence was in fact withheld from the defense. See, e.g., Higgins v. Cain, Civ. Action No. 09-2632, 2010 WL 890998, at *5 (E.D. La. Mar. 8, 2010) ("Where … a petitioner presents no evidence whatsoever … in support of a contention that Brady material was in fact withheld from the defense, his claim fails at the initial prong of the Brady inquiry."), aff'd, 434 F. App'x 405 (5th Cir. 2011).

Petitioner also repeatedly alleges that his ability to seek post-conviction relief has been thwarted by roadblocks he has encountered in attempting to secure access to various records. However, a conclusory claim of that nature does not warrant habeas relief. See, e.g., Castillo v. McCain, Civ. Action No. 15-2376, 2017 WL 1232444, at *11-12 (E.D. La. Feb. 9, 2017), adopted,

2017 WL 1211610 (E.D. La. Apr. 3, 2017), certificate of appealability denied, No. 17-30360 (5th Cir. Feb. 27, 2018).

Accordingly,

**IT IS ORDERED** that the federal applications for habeas corpus relief filed by Jason Jarrell Spikes are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 11th day of June, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**