UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JARRELL SPIKES** | **CIVIL ACTION** |
| | **NO. 18-08884** |
| | *consolidated with* |
| **VERSUS** | |
| | **NOS. 18-09422** |
| | **18-10470** |
| | **18-13668** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "I"(3)** |

## REPORT AND RECOMMENDATION

Petitioner, Jason Jarrell Spikes, a Louisiana state prisoner, has filed into this closed case a document entitled "Plea to Release."[1] That document contains a single sentence: "Procedural Due Process - The minimal requirement of notice and a hearing gauranteed [sic] by the Due Process of the 5th and 14th Amendments; esp. if the deprivation of a significant of life, liberty, or property interest may occur." He provided no argument whatsoever in connection to that statement; however, he attached a copy of State v. Spikes, No. 2018-KH-2079, 2020 WL 2319144 (La. Mar. 9, 2020), a ruling in which the Louisiana Supreme Court denied his application for rehearing without assigning reasons.

The United States District Judge referred this matter to the undersigned United States Magistrate Judge for a report and recommendation.[2]

---

[1] Rec. Doc. 74.
[2] Rec. Doc. 75.

## I. Background

On January 11, 2017, petitioner was convicted under Louisiana law of possession or introduction of contraband in a state correctional facility. On June 26, 2017, he was then found to be a fourth offender and was sentenced as such to a term of twenty years imprisonment without benefit of probation or suspension of sentence. On December 21, 2017, the Louisiana First Circuit Court of Appeal affirmed that conviction, habitual offender adjudication, and sentence. State v. Spikes, No. 2017KA0655, 2017 WL 6524791 (La. App. 1st Cir. Dec. 21, 2017). In 2019, he filed a related writ application challenging the Court of Appeal's decision; however, the Louisiana Supreme Court rejected that application, stating simply: "WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct.R. X § 5." State v. Spikes, 265 So. 3d 772 (La. 2019).

The instant federal proceedings commenced in 2018. Over the course of the proceedings, petitioner filed four separate habeas corpus petitions, all of which challenged the foregoing conviction and sentence. Ultimately, the petitions were consolidated, and all of his federal habeas corpus claims were dismissed with prejudice on the merits. Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2019 WL 3308402 (E.D. La. May 28, 2019), adopted, 2019 WL 2432085 (E.D. La. June 11, 2019).[3] He did not appeal.

However, petitioner subsequently filed a motion seeking relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b). The United States District Judge construed that motion as a successive habeas corpus petition and transferred it to the United States Fifth Circuit Court of Appeals.[4] The Court of Appeals then dismissed the matter because petitioner failed to comply with a court notice. In re: Spikes, No. 19-30681 (5th Cir. Oct. 31, 2019).[5]

---

[3] Rec. Docs. 51 and 55.
[4] Rec. Doc. 64.
[5] Rec. Doc. 71.

## II. Instant Motion

Petitioner's instant "Plea to Release" is an improper motion. The law recognizes no such motion where, as here, a federal court has denied habeas corpus relief on the merits and that denial has become final by operation of law.

However, because petitioner is proceeding pro se, his filings must be liberally construed. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se submissions "to less stringent standards than formal pleadings drafted by lawyers"); Guidroz v. Lynaugh, 852 F.2d 832, 834 (5th Cir. 1988) ("Pro se habeas corpus petitions must be construed liberally."). Nevertheless, even so construed, petitioner's instant motion has no merit.

Because petitioner is seeking "release," and because this Court has already denied him such relief on the merits in its judgment of June 11, 2019, he is presumably seeking relief from that final judgment. If so, then the instant filing would, like his prior motion, fall under Rule 60(b). That rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

However, it is clear that "Rule 60(b) relief will be afforded only in unique circumstances. The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied." Mendy Properties, LLC v. Rhodes Life Insurance Co., Civ. Action No. 09-6302, 2010 WL 3173050, at *1 (E.D. La. Aug. 11, 2010) (Africk, J.) (citation and quotation marks omitted). Even liberally construed, petitioner's unexplained one-sentence motion obviously falls far short of what is required to prove that relief is warranted under that rule. Therefore, if petitioner is indeed seeking relief under Rule 60(b), then his motion should be denied on that basis.

On the other hand, if petitioner's new filing was instead intended as a *new* habeas corpus claim challenging his underlying state criminal judgment, then this Court lacks jurisdiction to consider that claim. Because petitioner has already sought and been denied habeas relief on the merits, he must first request authorization to file a second or successive petition – and that request must be made not to this Court, but instead to the United States Fifth Circuit Court of Appeals. See 28 U.S.C. 2244(b)(3)(A).

That said, this Court could construe the instant filing as such a motion for authorization and transfer it to the Court of Appeals under the authority of 28 U.S.C. § 1631; however, the Court is not required to do so. Rather, the Court also has the option simply to dismiss this matter for lack of jurisdiction. See In re Hertzog, 444 F. App'x 63, 65 (5th Cir. 2011) (explaining that, if a second or successive habeas petition "is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court").

4

Dismissal is the more appropriate choice this case. By virtue of this Court's prior order transferring petitioner's first Rule 60(b) motion, as well as the related notice which was then issued to him in that case by the Court of Appeals (a copy of which is attached hereto), petitioner is obviously aware of the proper procedure for seeking such authorization – he has simply refused to use it. If petitioner wishes to seek such authorization, he should file a proper motion directly with the United States Fifth Circuit Court of Appeals as required by law.

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's "Plea to Release," Rec. Doc. 74, be **DENIED and/or DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this __22nd__ day of June, 2020.

                                             **DANA M. DOUGLAS**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

5

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 23, 2019

#537025
Mr. Jason Jarrel Spikes
David Wade Correctional Center
670 Bell Hill Road
Homer, LA 71040

    No. 19-30681   In re: Jason Spikes
                       USDC No. 2:18-CV-8884
                       USDC No. 2:18-CV-9422
                       USDC No. 2:18-CV-10470
                       USDC No. 2:18-CV-13668

Dear Mr. Spikes,

The district court transferred your second or successive 28 U.S.C. § 2254 motion to this court to determine whether to allow your successive action. I advise you of the following matters, see *In re Tony Epps*, 127 F.3d 364 (5th Cir. 1997).

Under 28 U.S.C. § 2244(b)(3) you must first receive this court's permission before you can file such an action in district court.

You have **30 days** from the date of this letter to file with this court a motion for authorization to proceed in the district court, and to send the documentation below. The motion may not exceed 30 pages pursuant to Fed. R. App. P. 32(a)(7). Please use the case number shown above in your motion. If you fail to file a motion for authorization within this 30 day period, or properly request an extension of time, the clerk will enter an order dismissing your case without further notice.

If you wish to file a second or successive § 2254 petition in the district court, you must make a prima facie showing that you satisfy either of the two conditions found in 28 U.S.C. § 2244(b)(2):

  A. that your claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable; **or**,

  B. the factual predicate for your claim could not have been discovered previously through the exercise of due diligence, **and** the facts underlying your claim, if proven by clear and convincing evidence, would be sufficient to establish that

> a reasonable trier of fact would not have found you guilty of the underlying offense.

You must attach the following documentation to your § 2254 motion to this court:

1. a copy of the proposed § 2254 petition you are requesting permission to file in the district court;

2. copies of all previous § 2254 petitions challenging the judgment or sentence received in any conviction for which you are currently incarcerated; all previous § 2241 petitions challenging the terms and conditions of your imprisonment;

3. any complaint, regardless of title, that was subsequently treated by the district court as a § 2254 motion or § 2241 petition;

4. all court opinions and orders disposing of the claims advanced in (2) above; and

5. all magistrate judge's reports and recommendations issued in connection with the claims advanced in (2), above.

**Do not** submit state court filings. This court does not require and will not address documents filed in a state court.

If, after due diligence and through no fault of your own, you cannot obtain the documents described above, you should submit an affidavit describing the steps you took to obtain them and explaining why you were unsuccessful. If possible, you should also identify by court, case name and case number any proceeding for which you cannot obtain the documents in (2) and (3) above.

The 30 day time limit within which this court must address your § 2254 motion will not begin to run until the clerk's office receives your response to this letter.

The original and one copy of the application must be mailed to:

> U.S. Court of Appeals for the Fifth Circuit
> Office of the Clerk
> 600 S. Maestri Place
> New Orleans, LA  70130

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Laney L. Lampard, Deputy Clerk

cc:
    Mr. William W. Blevins