## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JASON JARRELL SPIKES**                       **CIVIL ACTION**

                                              **NO.     18-08884**

                                              *consolidated with*

**VERSUS**

                                              **NOS.   18-09422**
                                              **18-10470**
                                              **18-13668**

**STATE OF LOUISIANA, ET AL.**                **SECTION: "I"(3)**

### REPORT AND RECOMMENDATION

Petitioner, Jason Jarrell Spikes, a Louisiana state prisoner, filed a motion seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] For the following reasons, it is recommended that the motion be **DENIED**.

On January 11, 2017, petitioner was convicted under Louisiana law of possession or introduction of contraband in a state correctional facility. On June 26, 2017, he was then found to be a fourth offender and was sentenced as such to a term of twenty years imprisonment without benefit of probation or suspension of sentence. On December 21, 2017, the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence. State v. Spikes, No. 2017KA0655, 2017 WL 6524791 (La. App. 1st Cir. Dec. 21, 2017). In 2019, he filed a related writ application challenging the Court of Appeal's decision; however, the Louisiana Supreme Court rejected that application, stating simply: "WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct.R. X § 5." State v. Spikes, 265 So. 3d 772 (La. 2019).

---

[1] Rec. Doc. 79.

The instant federal proceedings commenced in 2018. Over the course of the proceedings, petitioner filed four separate habeas corpus petitions, all of which challenged the foregoing conviction and sentence. Ultimately, the petitions were consolidated, and all of his federal habeas corpus claims were dismissed with prejudice on the merits. Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2019 WL 3308402 (E.D. La. May 28, 2019), adopted, 2019 WL 2432085 (E.D. La. June 11, 2019).[2] He did not appeal.

However, petitioner subsequently filed a motion seeking relief from that judgment pursuant to Rule 60(b).[3] The United States District Judge construed that motion as a successive habeas corpus petition and transferred it to the United States Fifth Circuit Court of Appeals.[4] The Court of Appeals then dismissed the matter because petitioner failed to comply with a court notice. In re: Spikes, No. 19-30681 (5th Cir. Oct. 31, 2019).[5]

In June of 2020, petitioner filed a document styled as a "Plea to Release,"[6] which the United States District Judge referred to the undersigned United States Magistrate for the issuance of a Report and Recommendation.[7] The undersigned issued a report noting that: (1) "[t]he law recognizes no such motion where, as here, a federal court has denied habeas corpus relief on the merits and that denial has become final by operation of law"; and (2) to the extent the motion was liberally construed as another Rule 60(b) motion, it should be denied and/or dismissed. Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2020 WL 3548938 (E.D. La. June 22, 2020).[8] The district judge adopted that recommendation and dismissed

---

[2] Rec. Docs. 51, 54, and 55.
[3] Rec. Doc. 63.
[4] Rec. Doc. 64.
[5] Rec. Doc. 71.
[6] Rec. Doc. 74.
[7] Rec. Doc. 75.
[8] Rec. Doc. 76.

the motion.  Spikes v. Louisiana, Civ. Action No. 18-08884 c/w Nos. 18-09422, 18-10470, and 18-13668, 2020 WL 3546329 (E.D. La. June 30, 2020).[9]  Again, petitioner did not appeal.

Instead, he simply returned to this Court again to file yet another Rule 60(b) motion,[10] and that motion has likewise been referred to the undersigned for the issuance of another Report and Recommendation.[11]  In his motion, petitioner argues that relief is warranted under subsections (1), (3), (4), and (6) of Rule 60(b).  However, it is clear that "Rule 60(b) relief will be afforded only in unique circumstances.  The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied."  Mendy Properties, LLC v. Rhodes Life Insurance Co., Civ. Action No. 09-6302, 2010 WL 3173050, at *1 (E.D. La. Aug. 11, 2010) (Africk, J.) (citation and quotation marks omitted).  For the following reasons, petitioner has not met that burden.

### Subsection (1)

Under subsection (1), a party may be granted relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  With respect to that provision, petitioner argues: "I wasn't familary with the law at the time.  Didn't know you had 30 days to mail my writ from the First Circuit Court of Appeal to the Louisiana Supreme Court."[12]  However, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."  Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).

---

[9] Rec. Doc. 78.
[10] Rec. Doc. 79.
[11] Rec. Doc. 80.
[12] Rec. Doc. 79, p. 1.

## Subsection (3)

Under subsection (3), a party may be granted relief from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an *opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). With respect to that provision, petitioner argues: "If the lawyer fails to follow state procedures rules, resulting in the dismissal of the appeal, this represents ineffective assistance of counsel. I have mailed the affidavit from the Louisiana Disciplinary Board, Prentice L. White, to this Court."[13]

"To succeed on [a Rule 60(b)(3) motion], the movant must show by clear and convincing evidence '(1) that the *adverse party* engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" Areizaga v. ADW Corp., 796 F. App'x 205, 207 (5th Cir. 2020) (emphasis added). Here, petitioner is complaining about the actions of his own counsel, *not* those of an adverse party. That alone ends the matter: "Rule 60(b)(3) does not afford relief to a claimant contending he received ineffective assistance of counsel, as the rule specifically contemplates the misconduct of 'adverse parties.'" Williams v. City of Morgan City, Civ. Action No. 08-0441, 2010 WL 2874422, at *4 (W.D. La. July 16, 2010), aff'd, 428 F. App'x 356 (5th Cir. 2011). Moreover, in any event, "Rule 60(d)(3) addresses only fraud *on the federal habeas court*, not fraud on the state courts, the parties, or their relatives." Preyor v. Davis, 704 F. App'x 331, 340 (5th Cir. 2017). Petitioner is complaining about matters that occurred in the state courts, not in this federal court.

## Subsection (4)

Under subsection (4), a party may be granted relief from a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). With respect to that provision, petitioner argues:

---

[13] Id.

4

"My 2253 state habeas was granted.  I mailed <u>State v. Spikes</u>, No. 2018-KH-2079 [2020] WL 2319144 (La. Mar. 9, 2020) to this Court."[14]

Under subsection (4), "[a] judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Taylor v. Colvin</u>, 616 F. App'x 685, 687 (5th Cir. 2015) (quotation marks omitted).  Here, petitioner does not allege that this federal court lacked jurisdiction or violated his due process rights; rather, he is merely arguing that it reached the wrong conclusion.  That is insufficient.  Moreover, in any event, petitioner's underlying assertion is simply wrong – he was *not* granted relief in the state courts.  On the contrary, the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence, and the decision he now cites is merely one in which the Louisiana Supreme Court denied his request for reconsideration of its decision rejecting his direct-review writ application as untimely.

### <u>Subsection (6)</u>

Under subsection (6), a party may be granted relief from a final judgment based on "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  With respect to that subsection, petitioner, without further explanation, argues:

> Quasi-Crime – An offence not subject to criminal prosecution (such as contempt or violation of a municipal ordinance) but for which penalities or forfeitures can be imposed.  An offence for which someone other than the actual perpetrator is held liable, the perpetrator being presumed to act on the command of the responsibility party.
> Ethnic violation – Of or relating to sizable groups of people sharing a common and distinctive racial, national, religious, linguistic, or cultural heritage.[15]

"Rule 60(b)(6) is a catchall provision that allows for the granting of relief from a judgment for 'any ... reason that justifies relief' other than those reasons listed in Rule 60(b)(1)-(5)."  <u>Webb</u>

---

[14] <u>Id.</u>
[15] <u>Id.</u> at pp. 1-2.

v. Davis, 940 F.3d 892, 899 (5th Cir. 2019).  However, the United States Fifth Circuit Court of Appeals has held:

> Relief under Rule 60(b)(6) is available only in extraordinary circumstances. Extraordinary circumstances will rarely occur in the habeas context.  The district court is permitted to consider a wide range of factors in determining whether extraordinary circumstances are present.  These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process.  Moreover, a Rule 60(b)(6) movant must show that he can assert a good claim or defense if his case is reopened.

In re Johnson, 935 F.3d 284, 289 (5th Cir. 2019) (citations, quotation marks, and brackets omitted), cert. denied, 140 S. Ct. 2521 (2020).  Obviously, petitioner's foregoing three-sentence statement of his vague argument falls far short of those standards.

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's Rule 60(b) motion, Rec. Doc. 79, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ____28th____ day of July, 2020.


**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

6